UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MFS & COMPANY, LLC,

                Plaintiff,                No. 09-14063
                                                Hon. Gerald E. Rosen

vs.

CATERPILLAR, INC.,

                Defendant.
_____/

**OPINION AND ORDER PARTIALLY SETTING ASIDE THE MAGISTRATE JUDGE'S ORDER AND GRANTING DEFENDANT'S MOTION TO CONDUCT ADDITIONAL DISCOVERY**

**I. INTRODUCTION**

On November 19, 2010, Magistrate Judge Hluchaniuk issued an order disposing of seven separate discovery motions. Defendant timely objected to part of the Magistrate Judge's order. Subsequently, Defendant also filed a related motion to conduct additional discovery. Having reviewed the parties' briefs and the record, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendant's motions "on the briefs." *See* E. D. Mich. LR 7.1(f)(2). The Court's opinion and order is set forth below.

## II. FACTUAL BACKGROUND

This case centers on a contract dispute involving a minimum purchase contract for engine parts. A detailed account of the parties' dispute is available in the Court's prior opinion addressing cross-motions for summary judgment. *See MFS & Co., LLC v. Caterpillar, Inc.*, 09-14063, 2011 WL 4693897, at *1-*2 (E. D. Mich. Oct. 6, 2011). A brief summary will suffice for present purposes: Caterpillar, Inc. ("Defendant") had an extensive relationship with Cyltec, a company that manufactured engine components for Defendant's equipment. Cyltec eventually became insolvent, and MFS & Company LLC ("Plaintiff") received Cyltec's claims against Defendant as part of Cyltec's assignment for the benefit of creditors.

At issue is a minimum purchase contract entered into by Defendant, memorialized in a purchase order that was submitted to Cyltec. Plaintiff claims that Defendant breached the minimum purchase contract and induced Cyltec to make significant capital investments in preparation for performance of the contract. Defendant claims alternatively that no minimum purchase agreement existed, that Defendant did not breach any such agreement, or that Defendant was justified in breaching the agreement. The Court, in an opinion and order on the parties' cross-motions for summary judgment, determined that a minimum purchase contract indeed existed. The Court also considered other claims made by the parties, including a number of affirmative defenses proffered by Defendant. While the Court struck many of Defendant's affirmative defenses, those that remain include anticipatory repudiation, insolvency, inability to perform, impossibility of performance, release, changed circumstances, and others.

As part of the discovery process, Defendant issued a number of subpoenas seeking documents and communications that reflected Cyltec's financial condition prior to its assignment for the benefit of creditors, as well as transactions that Cyltec engaged in prior to insolvency. Defendant claims that these documents shed light on a number of transactions made between Cyltec and other companies not long before insolvency. Defendant also argues that these records will provide a clearer picture of Cyltec's progression towards insolvency, in hopes of mitigating Defendant's liability. Plaintiff resisted the subpoenas and Defendant's motions to compel by filing corresponding motions to quash. The Court referred these disputes to Magistrate Judge Hluchaniuk, who held a hearing and ultimately issued an order disposing of the parties' motions.

Defendant timely objected to a specific section of the Magistrate Judge's order, contending that the section at issue reached an erroneous conclusion. The Magistrate Judge had rejected Defendant's motion to compel as to three subpoenas because Defendant conceded that the discovery sought was irrelevant in light of Plaintiff withdrawing its claim for consequential damages. Defendant contends that no such concession was made. Rather, Defendant points to specific parts of the record suggesting that Defendant affirmatively contested relevancy, Plaintiff's withdrawal notwithstanding. Further, Defendant claims that the Magistrate Judge failed to consider the independent relevancy of the discovery sought to Defendant's affirmative defenses. Defendant has also submitted a motion for leave to conduct additional discovery that reiterates Defendant's objections to the Magistrate Judge's order while also seeking further, related discovery.

### III. ANALYSIS

**A.  Defendant's Objections to the Magistrate Judge's Report and Recommendation**

When faced with objections to a Magistrate Judge's non-dispositive, pre-trial determination, Rule 72 and 28 U.S.C. § 636 dictate that the Court may only "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Clear error is present when the Court "is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A mere difference in opinion will not suffice. *See id.* ("[W]e, like any reviewing court, will not reverse a lower court's finding of fact simply because we would have decided the case differently.") (quotations omitted).

The Magistrate Judge considered a number of discovery motions in his November 19, 2010 order, including motions to compel filed by Defendant and corresponding motions to quash filed by Plaintiff. However, Defendant only challenges one portion of the Magistrate Judge's order. Consequently, the Court need only consider the three subpoenas -- and the corresponding motions to compel and quash -- that the Magistrate Judge addressed in that section of his order.

The relevant subpoenas were issued to John Bohl,[1] Michael Shields,[2] and four companies affiliated with Shields,[3] seeking documents and communications regarding

---

[1] John Bohl is the accountant to the court-appointed assignee in Cyltec's assignment for the benefit of creditors.
[2] Michael Shields is the former President of Cyltec.

Cyltec's finances and business transactions, especially Cyltec's dealings with Defendant, creditors, and companies affiliated with Shields. As regards each of these subpoenas, Magistrate Judge Hluchaniuk granted Plaintiff's motion to quash and denied Defendant's motions to compel. Defendant now presents two objections to the portion of the Magistrate Judge's order dealing with these motions: Defendant contends that the Magistrate Judge failed to consider the relevance of the materials sought to Defendant's affirmative defenses and that the Magistrate Judge's ruling was based on a mistaken reading of the record.

The subpoenas at issue focus on Cyltec's financial condition during the course of its relationship with Caterpillar, up to and including Cyltec's assignment for the benefit of creditors. In brief, the subpoena to John Bohl seeks documents and communications concerning Cyltec's assignment for the benefit of creditors; the subpoena to Michael Shields seeks documents and communications involving creditors and companies affiliated with Shields, as well as records concerning Cyltec's financial hardship; and the subpoena to four companies affiliated with Michael Shields seek financial records and communications with individuals and entities connected to Cyltec, as well as documents concerning Cyltec's business dealings and subsequent insolvency. Magistrate Judge Hluchaniuk denied Defendant's motions to compel and granted Plaintiff's motion to quash by concluding that the evidence sought was irrelevant. The Magistrate Judge reached this outcome based on Plaintiff's offer to withdraw its claim for consequential

---

[3] The companies are Control-Tec LLC, Power-Tec Engineering, MJ Acquisition LLC, and PTE Acquisition LLC. Michael Shields played a substantial role in the creation and control of these companies.

damages and Defendant's purported concession that the discovery sought would be irrelevant if Plaintiff elected against consequential damages.

The Magistrate Judge's order stated that "[D]efendant's counsel conceded that much of their discovery requests, which were aimed at the cause of Cyltec's insolvency, were irrelevant if the consequential damages claim was withdrawn." (Order on Disc. Mot. 4.) Plaintiff having stipulated that it was not seeking consequential damages, the Magistrate Judge denied Defendant's motions to compel. Upon reviewing the transcript of the Magistrate Judge's hearing, however, it does not appear that Defendant conceded the relevancy of the discovery sought. Furthermore, the discovery sought appears germane to Defendant's affirmative defenses, giving independent relevance to Defendant's requests.

During the hearing held by the Magistrate Judge, Plaintiff's counsel unequivocally stated that "we are not seeking consequential damages." (Disc. Mot. Hr'g Tr. 53:14.) In response, the Magistrate Judge asked Defendant's counsel whether Plaintiff's position "make[s] many of the things that you have pointed out irrelevant to this lawsuit?" (Disc. Mot. Hr'g Tr. 57:3-5.) Defendant's counsel responded "I don't believe so, Your Honor[,]" and went on to argue for the relevancy of the discovery requested, independent of the damages sought by Plaintiff. (Disc. Mot. Hr'g Tr. 57:6.) It thus appears that Defendant did not concede the relevancy of the discovery sought. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Rather than concede relevancy, Defendant contested it. Moreover, Defendant's discovery requests are independently relevant to a number of affirmative defenses, a point which is discussed in Part C, *infra*. *See* Fed. R. Civ. P.

6

26(b)(1). Therefore, the Court will set aside Part D of the Magistrate Judge's order, which denied Defendant's three motions to compel and granted Plaintiff's motion to quash.

## C.     Defendant's Discovery Requests

Rule 26 permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). In the context of pre-trial discovery, "relevant" is understood as nonprivileged materials that are germane to any party's claim or defense. *See* 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2008 (3d ed.). However, the "desire to allow broad discovery is not without limits." *Scales v. JC Bradford and Co.*, 925 F. 2d 901, 906 (6th Cir. 1991). For good cause shown, the Court may enter protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of demonstrating good cause. *Id.* Furthermore, the party issuing a subpoena to a non-party must "take reasonable steps to avoid imposing undue burden or expense" on the non-party. Fed. R. Civ. P. 45(c)(1).

Having reviewed the subpoenas, motions to compel, and motion to quash, the Court holds that most of the discovery requested by Defendant is relevant to the affirmative defenses presented by Defendant and not unduly burdensome to produce. Fed. R. Civ. P. 26(b)(1), 26(c)(1). Specifically, Defendant has requested documents reflecting the progression of Cyltec's insolvency, as well as transfers made between Cyltec and other companies affiliated with Michael Shields leading up to insolvency and

continuing through the assignment for the benefit of creditors; Defendant has also sought communications regarding same. As Defendant has explained, this information is being sought to establish what factors contributed to Cyltec's insolvency, the timing of events leading up to Cyltec's insolvency, and whether Cyltec was in fact able to fulfill its obligations prior to insolvency. A number of Defendant's affirmative defenses depend on this information. As the Court stated more than once in its earlier decision, important factual questions remain unresolved "pertaining to Cyltec's financial condition and the impact Cyltec's financial situation had on the relationship between Cyltec and Caterpillar." *MFS & Co., LLC v. Caterpillar, Inc.*, 09-14063, 2011 WL 4693897, at *11 (E. D. Mich. Oct. 6, 2011). As such, discovery on point is relevant. Fed. R. Civ. P. 26(b)(1).

Plaintiff contests the discovery sought, claiming that the information bears no relevancy to the issues presented in this case. The opposite is in fact true: transactions occurred between Cyltec and companies affiliated with Shields prior to Cyltec's insolvency. These transactions likely have a bearing on Cyltec's solvency during its relationship with Defendant. This information in turn forms the crux of Defendant's affirmative defenses, since Cyltec's ability to perform impacts whether Defendant breached its minimum purchase contract.[4]

---

[4] For example, Defendant claims, *inter alia*, anticipatory repudiation, inability to perform, impossibility of performance, release, and changed circumstances as affirmative defenses. The Court previously determined that these defenses were not frivolous. *See MFS & Co., LLC v. Caterpillar, Inc.*, 09-14063, 2011 WL 4693897, at *10-*12 (E. D. Mich. Oct. 6, 2011). As such, Rule 26(b)(1) entitles Defendant to discovery on these matters.

Furthermore, considering companies affiliated with Shields were heavily involved in Cyltec's assignment for the benefit of creditors, information pertaining to that process and the parties involved may shed light on Cyltec's financial condition prior to insolvency, since Defendant will gain insight into Cyltec's assets and their subsequent disposal. The same can be said of communications with creditors and notices of insolvency sent to business partners. These points are underscored by the fact that Defendant was able to glean only minimal substantive information about the relationship among these entities during Shield's deposition.[5] As these disputes will prove critical to the viability of Defendant's affirmative defenses, most of the discovery requested by Defendant will be granted.

While Rule 26 permits broad discovery, the Court is mindful of its obligation to avoid unduly burdening non-parties. Fed. R. Civ. P. 26(c)(1). For this reason, the Court will limit the scope of Defendant's discovery requests in the following ways. First, to avoid undue burden, Plaintiff will not be compelled to produce any documents that are publically available. Second, requests twenty-eight through thirty-two of the subpoena to Michael Shields will be denied because the requests involve assent to and deviation from Defendant's standard purchase orders, a point the Court previously determined had no bearing on the minimum purchase contract at issue here. *See MFS & Co., LLC v. Caterpillar, Inc.*, 09-14063, 2011 WL 4693897, at *7 (E. D. Mich. Oct. 6, 2011). Third, the Court will deny request four in the subpoenas to Control-Tec LLC, Power-Tec

---

[5] For instance, Shields deferred to characterizing at least one set of acquisitions involving Cyltec as "a very complicated transaction," providing few other details. (Shields Depo. 30:16-17.)

9

Engineering, MJ Acquisition LLC, and PTE Acquisition LLC because request four is duplicative of the first request in each such subpoena.

While Plaintiff contends that the costs of discovery will be prohibitively expensive, each motion to compel states that "Caterpillar will agree to pay any reasonable costs related to the organization or production of records." Additionally, to the extent Plaintiff objects on the basis that the documents sought are unavailable or subject to privilege, the Court reminds Plaintiff that no portion of Rule 45(d)(1) requires production of unavailable documents[6] and that Rule 46(d)(2) provides a procedure for claims of privilege.

**D.     Defendant's Motion to Conduct Additional Discovery**

In addition to challenging the Magistrate Judge's order, Defendant has also moved for leave to conduct additional discovery after it has reviewed the documents produced in response to the subpoenas considered here. The Court recognizes the need to conduct discovery on issues relevant to the parties' claims and defenses. As such, the Court will amend the scheduling order to provide an additional three weeks of discovery following compliance with Defendant's subpoenas.

### IV. CONCLUSION

For the reasons set forth in this opinion, the Court holds that the Magistrate Judge committed clear error in denying Defendant's motions to compel [Dkts. #48, 52, 53] and granting Plaintiff's motion to quash [Dkt. #44]. The Court further holds that the

---

[6] *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2456 n.5 (3d ed.) (collecting cases).

discovery requested by Defendants is relevant to the parties' claims and defenses. Therefore,

IT IS HEREBY ORDERED that the Magistrate Judge's order [Dkt. #94] is REVERSED IN PART, in accord with the above opinion.

IT IS FURTHER ORDERED that Plaintiff's motion to quash [Dkt. #44] is DENIED.

IT IS FURTHER ORDERED that Defendant's motions to compel [Dkts. #48, 52, 53] are GRANTED IN PART, in accord with the above opinion.

IT IS FURTHER ORDERED that Defendant's motion for leave to conduct additional discovery [Dkt. #119] is GRANTED IN PART, in accord with the above opinion.

IT IS FURTHER ORDERED that the parties will respond to Defendant's subpoena requests within **twenty-one days** of the date of this order.

IT IS FURTHER ORDERED that the Court's scheduling order is amended as follows:

- Discovery due by **February 28, 2012**.
- Final pretrial conference: **April 12, 2012 at 2:00 p.m.**
- Trailing trial docket: **May 1, 2012**

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: January 24, 2012

11

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 24, 2012, by electronic and/or ordinary mail.

                        s/Ruth A.Gunther
                        Case Manager
                          (313) 234-5137